BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL2021109

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| Dawn Forgione,<br><br>                              Plaintiff,<br><br>v.<br><br>Rubin & Rothman, LLC and Midland Funding, LLC,<br><br>                              Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Dawn Forgione, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Rubin & Rothman, LLC and Midland Funding, LLC as follows:

### INTRODUCTION

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

1

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

2

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendants Rubin & Rothman, LLC and Midland Funding, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff Dawn Forgione ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Rubin & Rothman, LLC ("Rubin") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Suffolk County, New York.

15. Rubin has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16. Rubin regularly collects or attempts to collect debts asserted to be owed to others.

17. Rubin is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Rubin's businesses is the collection of such debts.

19. Rubin uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Rubin is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant Midland Funding, LLC ("Midland") is a corporation organized and existing under the laws of the State of California, with a principal place of business in San Diego County, California.

22. Midland has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

23. Midland regularly collects or attempts to collect debts asserted to be owed to others.

24. Midland is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

25. The principal purpose of Midland's businesses is the collection of such debts.

26. Midland uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

27. Midland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

**FACTUAL ALLEGATIONS**

29. Defendants allege Plaintiff owes a debt ("the alleged Debt").

30. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

31. The alleged Debt does not arise from any business enterprise of Plaintiff.

32. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred by Midland to Rubin for collection.

34. At the time the alleged Debt was assigned or otherwise transferred to Defendants, the alleged Debt was in default.

35. In their efforts to collect the alleged Debt, Defendants caused income execution from Plaintiff's paycheck within a year of this complaint.

36. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

37. Plaintiff's injury is directly traceable to Defendants' conduct, and but for Defendants' conduct, Plaintiff would not have been deprived of the aforementioned rights.

38. Plaintiff has been misled by Defendants' conduct.

39. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

40. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

41.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

42.     As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

43.     As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

44.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

45.     A favorable decision herein would redress Plaintiff's injury with money damages.

46.     A favorable decision herein would serve to deter Defendants from further similar conduct.

47.     Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law herein.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f**

48.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. 15 U.S.C. § 1692f prohibits the use of any unfair or unconscionable means to collect or attempt to collect any debt.

52. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

53. Plaintiff was never served with a Summons and Complaint.

54. Defendants obtained a default judgment against Plaintiff through false, misleading and deceptive practices.

55. Defendants participated in "sewer service" and fraudulently obtained a default judgment against Plaintiff.

56. Plaintiff was never served with a copy of the Default Judgment.

57. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, and are liable to Plaintiff therefor.

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

58. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

59. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

61. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

62. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

63. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

64. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

65. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

66. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

68. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

69. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

70. The Income Execution papers allege that Plaintiff owed $10,050.84.

71. Plaintiff did not owe $10,050.84.

72. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

73. Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

74. Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

75. Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

76. Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

77.  Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

78.  Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

79.  Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

80.  Defendants' allegation that Plaintiff owed $10,050.84, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

81.  For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

82.  Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83.  15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

84.  An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

85. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

86. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

87. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

88. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

89. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

90. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

91. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

92. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

93. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

94. The Income Execution papers filed by the Rubin allege that Plaintiff owes a debt to Midland.

95. Plaintiff did not owe a debt to Midland.

96. Midland never offered to extend credit to Plaintiff.

97. Midland never extended credit to Plaintiff.

98. Plaintiff was never involved in any transaction with Midland.

99. Plaintiff never entered into any contract with Midland.

100. Plaintiff never did any business with Midland.

101. Plaintiff was never indebted to Midland.

102. Midland is a stranger to Plaintiff.

103. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

104. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

105. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

106. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

107. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

108. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

109. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

110. Defendants' allegation that Plaintiff owed a debt to Midland, when Plaintiff did not owe a debt to Midland, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

111. Defendants' demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

112. Defendants' request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

113. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of New York General Business Law § 349

114. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

115. Defendants owed a duty to Plaintiff to effect their collection of Plaintiff's alleged Debt with reasonable care.

116. Defendants' deception as described herein shows a lack of exercise of reasonable care in Defendants' collection of the alleged Debt.

117. Defendants breached their duty to collect Plaintiff's alleged Debt with reasonable care.

118. Defendants' conduct was committed by Defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

119. Defendants' conduct was consumer-orientated in that its actions were made to collect an alleged consumer Debt.

120. Defendants' conduct has a broader impact on consumers at large as, upon information and belief, Defendants have acted similarly to other consumers.

121. Plaintiff is a reasonable consumer.

122. Defendants' conduct would mislead a reasonable consumer.

123. Defendants engaged in material deceptive acts and practices as described herein.

124. Defendants' conduct caused Plaintiff to suffer injury.

125. Defendants violated NY GBL § 349(a) and are liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

126. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendants' actions violate the FDCPA; and

14



b. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: February 11, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL2021109
*Attorneys for Plaintiff*